UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHAD G. CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case number 4:19cv01655 PLC |
| | ) |
| NATIONWIDE INSURANCE COMPANY | ) |
| OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to remand [ECF No. 8]. Defendant has not filed opposition to the motion or sought more time in which to do so. See Local Rule 7-4.01(B).

Plaintiff Chad G. Carter alleges that on February 1, 2017, he drove a motor vehicle that was struck by another motor vehicle, resulting in permanent, painful, and "serious injuries to [Plaintiff's] right eye, head, neck, back, shoulders, and chest" that have required Plaintiff and will continue to require Plaintiff to obtain medical treatment. Pl.'s pet'n ¶¶ 3-6, 9-11 [ECF No. 4]. The other driver, Plaintiff alleges, had "a bodily injury liability policy at the time of the collision [with] limits . . . less than the amount needed to fully compensate Plaintiff" and "[t]he limits of [the other driver's] applicable bodily injury liability polic[y] have been exhausted by payment to Plaintiff." Id. ¶¶ 16, 17. Plaintiff further alleges that he demanded Defendant "pay the limits of the underinsured motorist coverage afforded by the policy of insurance [Defendant] issued [to Plaintiff]" ("the Policy"). Id. ¶ 20. Defendant allegedly refused to make payment according to the Policy and, Plaintiff asserts, that refusal "is vexatious" and "without cause." Id. ¶¶ 21-23. The

only amount of monetary value alleged in the petition is the amount Plaintiff specified as his request for relief:

> a judgment against Defendant in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) . . . to compensate Plaintiff, interest thereon pursuant to R[S]Mo [Section] 375.296, vexatious refusal damages pursuant to R[S]Mo [Section] 375.420, reasonable attorney's fees pursuant to R[S]Mo [Section] 375.420, [and] court costs incurred in this action.

WHEREFORE par., Pl.'s pet'n at 4 [ECF No. 4].

Plaintiff filed this lawsuit in the Circuit Court of the City of St. Louis. See Carter v. Nationwide Ins. Co., Case No. 1922-CC00855 (St. Louis City Cir. Ct. filed Apr. 29, 2019) (available on Missouri casenet, https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited on July 30, 2019)). Defendant removed the case to this Court based on this Court's diversity jurisdiction. See 28 U.S.C. §§ 1332(a), 1441; Def.'s notice of removal ("NOR") [ECF No. 1]. Specifically, Defendant stated the parties were citizens of different states and, based on the allegations in the petition, the amount in controversy exceeded $75,000. To support its position that the amount in controversy is satisfied, Defendant stated the underinsured motorist coverage afforded by the Policy has a $100,000.00 limit. Def.'s NOR ¶ 12.

Plaintiff moves to remand the case to the Circuit Court of the City of St. Louis on the ground the amount in controversy does not exceed $75,000, "exclusive of interest and costs" as required by Section 1332(a), and therefore this Court lacks subject matter jurisdiction over the case. Plaintiff attached to his motion several materials, including a letter, dated November 1, 2018, reflecting his pre-litigation demand that Defendant pay Plaintiff "any and all available coverages" under the Policy [ECF No. 8-3 at 3] and a copy of the Policy [ECF No. 8-4]. Plaintiff contends this Court lacks diversity jurisdiction because: (1) the Policy "specifically contains language that [Defendant] will not make a duplicate payment for any element of loss that has been paid by or on

behalf of persons legally responsible";[1] (2) Plaintiff "received $50,000.00 from the at fault driver [who] was underinsured"; (3) "[a]ll available coverages under the . . . Policy [are] equal to $50,000.00"; and (4) "Plaintiff did not demand or seek more than the remaining available coverages of $50,000.00 afforded by [the] Policy." Pl.'s mot. ¶¶ 10-13, respectively [ECF No. 8].

A removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). To invoke this Court's subject matter jurisdiction based on diversity, the parties must be citizens of different states and the amount in controversy must exceed "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). There is no question that the parties are citizens of different states: Plaintiff is a citizen of Missouri, see Pl.'s pet'n ¶ 1, and Defendant is a citizen of Ohio and Iowa, see Def.'s NOR, ¶ 3. The issue is whether the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

For a case removed based on this Court's diversity jurisdiction under 28 U.S.C. Section 1332, "the sum demanded in good faith in the initial pleading [is] deemed the amount in controversy." 28 U.S.C. § 1446(c)(2). When the initial pleading does not state the amount in controversy, the defendant's notice of removal may do so. 28 U.S.C. § 1446(c)(2)(A). To assert the amount in controversy adequately in the removal notice, the defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "need not [include] evidentiary submissions." Dart Cherokee Basin Operating Co., LLC v. Owens, 135

---

[1] Plaintiff cited to the "Policy, Exhibit D, Limit of Liability, Page 34, para. C" to support his position that the Policy's underinsured motorist coverage prohibits Defendant from making a duplicate payment of an amount paid to Plaintiff by a responsible party. Pl.'s mot. remand ¶ 10 [ECF No. 8]. The Limit of Liability provision on page 34 of the Policy, however, is a Limit of Liability provision for the Policy's uninsured motorist coverage, not the Policy's underinsured motorist coverage. In the Court's view, the relevant duplicate payment provision is paragraph D of the Policy's Limit of Liability provision for the underinsured motorist coverage [ECF No. 3-4] at page 31. That paragraph states: "We will not make a duplicate payment under this [underinsured motorist] coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible." Id.

S. Ct. 547, 554, 551 (2014). "Evidence establishing the amount in controversy is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation" in the notice of removal. Id. at 554. Importantly, "when determining the amount in controversy, the question is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." Raskas v. Johnson & Johnson, 719 F.3d 884, 887 (8th Cir. 2013) (emphasis in original) (internal quotation marks and citations omitted); accord Dammann v. Progressive Direct Ins. Co., 856 F.3d 580, 584 (8th Cir. 2017).

Plaintiff does not demand a specific amount in her petition, beyond asking for an award greater than $25,000.00. In its notice of removal, Defendant alleged that the more-than-$75,000.00 amount in controversy requirement of 28 U.S.C. § 1332(a) was satisfied due to: (1) "allegations in Plaintiff's Petition," (2) the Policy's $100,000 underinsured motorist limit, and (3) Plaintiff's request for "the limits of the underinsured motorist coverage afforded by" the Policy. Def.'s NOR ¶¶ 13, 12, and 11, respectively; see Policy's "Declarations Amended" page stating that the per person underinsured motorist coverage has a $100,000 limit [ECF No. 8-4 at 4]. These statements do not establish that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, in light of the materials and information Plaintiff provided in his unopposed motion to remand. By failing to file a response to Plaintiff's motion to remand, Defendant has not taken an opportunity to provide sufficient evidence to allow the Court to find, by a preponderance of the evidence, that a finder of fact "might legally conclude that" the amount in controversy between Defendant and Plaintiff exceeds the jurisdictional threshold. See 28 U.S.C. § 1446(c)(2)(B) (removal based on an amount in controversy set forth in the notice of removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)"); Dart Cherokee Basin Operating Co., LLC, 135 S. Ct. at

4

554 ("when a defendant's assertion of the amount in controversy is challenged . . . both parties submit proof and the court decides by a preponderance of the evidence whether the amount-in-controversy requirement has been satisfied"). To the contrary, the present undisputed record reveals that, as Plaintiff argues, Defendant's liability to Plaintiff may not exceed $50,000.00, exclusive of interest and costs.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's unopposed motion to remand [ECF No. 8] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of July, 2019